800 P.2d 984

**The STATE of Arizona, Appellee,**

v.

**Gregory Lee SMITH, Appellant.**

**Nos. 2 CA–CR 89–0607, 2 CA–CR 89–0608.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 25, 1990.

Reconsideration Denied Nov. 1, 1990.

Robert K. Corbin, The Atty. Gen. by Jessica Gifford Funkhouser and Dennis Staffelbach, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

OPINION

ROLL, Presiding Judge.

Gregory Lee Smith appeals from convictions for two counts of theft over $100, both designated class 6 felonies. For the reasons set forth below, we vacate the felony designation entered in CR–18694 and dismiss Smith's appeal in CR–18757.

PROCEDURAL BACKGROUND

Smith was charged with theft by misrepresentation, a class 4 felony, in CR–18694, and theft by control, a class 5 felony, in CR–18757. Pursuant to a plea agreement, Smith entered a guilty plea to theft over $100 in CR–18694, a class 6 open-ended offense, and theft by control over $100 in CR–18757, a class 6 felony. The trial court accepted the plea and imposed concurrent

three-year terms of probation in both cases. Smith was further ordered to pay fines in each case of $685 and probation fees of $30 per month. The trial court withheld designation of the offense in CR–18694 during Smith's probation, telling appellant, "which means that as to this case, Mr. Smith, if you successfully complete your probationary term that it would, in all likelihood, be designated a misdemeanor rather than a felony. So, basically, how it comes out is up to you."

No appeal was taken, and Smith was permitted to move to Oregon to live with his parents. Nothing further appears in the record until after Smith's probation was due to terminate on October 7, 1989. Three days later, the probation department filed a petition to designate the offense in CR–18694 a felony, alleging that

> the defendant's performance while under probation supervision was unacceptable. The defendant failed to pay a fine of $685 as ordered by the Court, has admittedly used marijuana and cocaine, and has pending in Claskamas County, Oregon a new felony charge of unauthorized use of a motor vehicle.

Smith received no prior notice and no hearing regarding this petition. The trial court granted the petition and designated the offense a felony. This appeal followed.

### ISSUE ON APPEAL

On appeal, Smith contends that the trial court's order designating as a felony the open-ended offense in CR–18694, entered without notice to him or an opportunity to be heard, violated A.R.S. § 13–702(H), due process of law under the United States and Arizona constitutions, and Rule 27.2, Ariz. R.Crim.P., 17 A.R.S..

### BASIS FOR NOTICE AND OPPORTUNITY TO BE HEARD

■ Smith argues that a criminal defendant is entitled to notice and opportunity to be heard regarding the trial court's designation of an open-ended offense as a felony.

### A. A.R.S. § 13–702(H).

A.R.S. § 13–702(H) provides, in part:

> Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, *having regard to the nature and circumstances of the crime and to the history and character of the defendant,* is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court *may* enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor....

(Emphasis supplied.) The state argues that because the statute states that an open-ended offense "shall be treated as a felony for all purposes," Smith received that notice to which he was entitled. Further, the state contends that the statute "does not require the court to provide a rationale for its decision." Because Smith had no "vested right in the possibility of his open-ended offense being designated a misdemeanor," the state concludes, neither notice nor an opportunity to be heard was required. We disagree.

The statute, by its terms, confers discretion upon the court with respect to the ultimate designation of the offense "having regard to the nature and circumstances of the crime and to the history and character of the defendant...." In a different context, our supreme court has addressed the significance of the trial court's power to exercise its discretion:

> The phrase "within the discretion of the trial court" is often used but the reason for that phrase being applied to certain issues is seldom examined. One of the primary reasons an issue is con-

sidered discretionary is that its resolution is based on factors which vary from case to case and which involve the balance of conflicting facts and equitable considerations. [Citation omitted.] Thus, the phrase "within the discretion of the trial court" does not mean that the court is free to reach any conclusion it wishes. It does mean that where there are opposing equitable or factual considerations, we will not substitute our judgment for that of the trial court. *State v. Chapple,* 135 Ariz. 281, 296, 660 P.2d 1208, 1223 (1983). Implicit in this analysis and, we believe, essential to the proper exercise of the trial court's discretion is the requirement that both parties have the opportunity to present "conflicting facts and equitable considerations." *Id.* To hold otherwise would permit the trial court to "reach any conclusion it wishes," without regard to the criteria expressly set forth in the statute and with a significant possibility that the decision will be based on erroneous or incomplete information. We do not believe that the legislature intended such a result.

### B. Due Process.

■ While the present case does not involve the loss of the conditional liberty interest conferred by probation because Smith's probation was terminated, the consequences of felony designation are nevertheless significant. When a defendant previously convicted of a felony commits a subsequent offense, the length of imprisonment may be increased, A.R.S. § 13–702, and, if the state chooses to allege the prior conviction, enhancement of subsequent sentence may occur. A.R.S. § 13–604. Moreover, had this been Smith's first felony conviction, felony designation would have resulted in Smith's loss of significant civil rights. A.R.S. § 13–904. A prior felony conviction can be the basis for extending a defendant's probationary period. A.R.S. § 13–902(B). Given the significant consequences attendant upon the designation of an offense as a felony, due process requires that a defendant be given notice and an opportunity to be heard prior to the trial court's determination. *Cf. Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656, 664 (1973); *State v. Talton,* 153 Ariz. 433, 435, 737 P.2d 409, 411 (App.1987).

### C. Rule 27.2.

Smith argues that the trial court's designation also violates Rule 27.2, 17 A.R.S.[1] The state maintains that Rule 27.2 is inapplicable, arguing that the trial court's designation of a class 6 offense as a felony does not constitute modification of probation. Assuming *arguendo* that Rule 27.2 does not apply to the trial court's designation of an offense as a class 6 felony, as noted above, other grounds compel such a result.

### CONCLUSION

The order of the trial court in CR–18694 designating that offense a felony is vacated and the matter is remanded for further proceedings consistent with this opinion. Smith's appeal in CR–18757 is dismissed.[2] We have searched the record for fundamental error and, other than as noted, found none.

FERNANDEZ, C.J., and HOWARD, J., concur.

---

1. Rule 27.2 states:
   Modification and clarification of conditions and regulations.
   A probation officer may modify or clarify any regulation which he has imposed. The sentencing court may modify any condition which it has imposed and any regulation imposed by a probation officer. A probationer or a probation officer, at any time prior to absolute discharge, may request the sentencing court to modify or clarify any condition or regulation. The sentencing court may, where appropriate, hold a hearing on such request. A written copy of any modification or clarification shall be given to the probationer.

2. Appellant has raised no issues concerning CR–18757 and the issue raised in CR–18694 applies only to that matter.