860 P.2d 1334

**STATE of Arizona, Appellee,**

v.

**Richard Lee BENSON, Jr., Appellant.**

**No. 1 CA–CR 92–0864.**

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 30, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Sect., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

In this appeal, we hold that designation of a class 6 felony that has been left undesignated throughout the defendant's probationary term may not occur in the absence of actual notice to the defendant. Accordingly, we vacate the felony designation entered by the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

At his arraignment, pursuant to a written agreement, Richard Lee Benson, Jr. ("defendant"), pled guilty to theft from a person, a class 6 "open-end," or undesignated, offense.[1] The plea agreement specified that the "offense may be designated a felony at sentencing but shall not be desig-

---

1. The actual words in the plea agreement were "a class 6 open felony."

nated a misdemeanor at sentencing." On March 30, 1989, the sentencing judge deferred designation of the offense and placed defendant on three years probation, with six months incarceration in the county jail.

In September 1989, the state filed a petition to revoke probation on the ground that defendant had committed the offense of shoplifting. Defendant admitted the violation and was reinstated to three years probation dating from March 30, 1989. The offense was again left undesignated.

On April 9, 1992, after the expiration of defendant's probationary term, the sentencing judge ordered a hearing on whether the offense should be designated a felony or a misdemeanor. The court's minute entry indicated that notice was sent to the county attorney, to the deputy public defender who had represented defendant at the time of his reinstatement to probation and to the adult probation officer. The original hearing date was continued on the motion of the deputy public defender on the ground that defendant was unavailable.

On the date of the rescheduled hearing, May 14, 1992, defense counsel indicated that she had unsuccessfully attempted to contact defendant by writing to his last known address in Prescott which was provided by the adult probation department. The sentencing judge denied defense counsel's request to designate the offense a misdemeanor. The judge stated:

Well, I see in reading the report that it was recommended at the time I think I sentenced him in this that the crime be designated a felony at that point, and I didn't do that. It must be because of his age. I was willing to try and let him earn a misdemeanor designation. He was eighteen at the time. It doesn't sound like he did anything to warrant a

misdemeanor designation and, in fact, committed another crime.

## ISSUES

A timely notice of appeal was filed on behalf of the defendant raising the following issues:

1. The trial court erred in designating the offense a felony:

A. Without actual notice to the defendant,

B. In the defendant's absence or/and

C. After probation had expired.

2. The trial court abused its discretion in designating the offense a felony based upon factors known when the offense was previously left undesignated.

## ANALYSIS

### RIGHT TO AND ADEQUACY OF NOTICE

■ Defendant had a right to actual notice and a right to an opportunity to be heard with regard to the designation of his class 6 offense. Rule 26.9 and 26.10(b)(1), Ariz.Rules of Criminal Procedure. Neither party cites *State v. Smith*, 166 Ariz. 118, 800 P.2d 984 (App.1990), which is directly on point. In *Smith*, Division Two of this court considered the claim of a defendant who received neither notice nor a hearing prior to the designation of his offense as a felony. The court of appeals found those procedural protections to be guaranteed by the federal and state constitutions as well as by the text of Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–702(H) (1989). *See* U.S. Const., amend. XIV; Ariz. Const. art. II, § 4; Rule 27.2, Ariz.R.Crim.P. A.R.S. section 13–702(H) provides:

Notwithstanding any other provisions of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument, and if the

court, **having regard to the nature and circumstances of the crime and the history and character of the defendant,** is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or may place the defendant on probation ... and refrain from designating the offense as a felony or misdemeanor until such time as the court may actually enter an order designating the offense a misdemeanor.

(Emphasis added).

In *Smith*, the court determined that the emphasized statutory language conferred discretion on the sentencing court to make the designation decision. 166 Ariz. at 119, 800 P.2d at 985. Exercise of that discretion, the court held, required "that both parties 'have the opportunity to present conflicting facts and equitable considerations.'" *Smith*, 166 Ariz. at 120, 800 P.2d at 986 (*quoting State v. Chapple*, 135 Ariz. 281, 296, 660 P.2d 1208, 1223 (1983)).

▆▆▆ We agree that A.R.S. section 13–702(H) requires that the defendant receive actual notice and an opportunity to be heard prior to the designation of the offense. We also agree with *Smith* that, given the significant consequences of a felony designation, denial of notice and a hearing in this context would violate a defendant's right to due process under the state constitution. Such a denial would be offensive to the "fundamental fairness" that provision guarantees. *See State v. Youngblood*, 173 Ariz. 502, 507, 844 P.2d 1152, 1157 (1993); *State v. Melendez*, 172 Ariz. 68, 71, 834 P.2d 154, 157 (1992). In light of our conclusion under the Arizona Constitution, we need not decide whether notice and a hearing are mandated as a

matter of federal due process under the more restrictive analysis announced since *Smith* was decided.[2] *See Mountain States Tel. and Tel. Co. v. Arizona Corporation Comm'n*, 160 Ariz. 350, 356, 773 P.2d 455, 461 (1989) ("[W]henever a right that the Arizona Constitution guarantees is in question: we first consult our constitution.").

In reaching this conclusion, we reject the state's claim that, because A.R.S. section 13–702(H) states that the offense "shall be treated as a felony for all purposes," the court's designation was a "ministerial formality" that required no notice to defendant. A similar contention was rejected in *Smith*. As a matter of statutory interpretation, the state's argument is disingenuous. How the offense is treated until the designation is made is not relevant to the question of how the designation ultimately is made. The single case cited by the state, *State v. Winton*, 153 Ariz. 302, 736 P.2d 386 (App.1987), does nothing to undermine that distinction.

▆▆▆ Notice to defendant in this case was inadequate. Rule 9.1, Arizona Rules of Criminal Procedure, permits a defendant to waive his right to appear at a proceeding by his voluntary absence. That rule, however, states that an absence is "voluntary" only "if the defendant had *personal notice* of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear." (emphasis added). Nothing in the record indicates that defendant received personal notice of either the April 22 or May 14 hearings on designation of his offense.

### TIMING OF THE DESIGNATION HEARING

A.R.S. section 13–702(H) allows the court to refrain from designating the offense as

**2.** *See Medina v. California*, 505 U.S. ——, ——, 112 S.Ct. 2572, 2577, 120 L.Ed.2d 353 (1992) (state procedural rule does not violate due process clause unless it "offends some principle of justice so rooted in the traditions and conscience of our people to be ranked as fundamental").

a felony or misdemeanor "until the probation is terminated." The probation in this case terminated on March 30, 1992. The trial court was given notice by the probation officer that the probation would expire on that date. This information was set forth in the petition to modify probation signed by the court on March 17, 1992. This petition was to exonerate a delinquent balance on the probation services fee. No hearing was held or scheduled prior to the March 30, 1992, expiration of probation date. Six weeks after probation expired, the court designated the offense a felony.

The defendant argues that the trial court "was without jurisdiction to extend probation." We assume the defendant is suggesting that the court had no jurisdiction to hold a designation hearing six weeks after the expiration of probation. At that time the defendant no longer had any obligation to keep his attorney or the probation department informed of his whereabouts. Therefore defendant claims that the hearing should have been conducted prior to the termination of probation or on the date it was to terminate. The state did not respond to this argument in its brief.

Having decided that due process requires that the defendant be given actual notice and a hearing before the offense can be designated a felony we note that A.R.S. section 13–702(H) in part provides:

> The offense [class 6 undesignated] shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.

As long as the offense remains undesignated by a court order it is treated as a felony for all purposes. Either the defendant or the state may request a hearing on the question of whether the court should designate the offense a misdemeanor. The defendant has the right to notice and the right to be present at such a hearing.

Having decided this case as we have on the first issue we need not reach the issue regarding the basis for the felony designation. We vacate the trial court's order designating this offense a felony.

JACOBSON, P.J., and WEISBERG, J., concur.