880 P.2d 1139

STATE of Arizona, Appellee,

v.

Elizabeth PINTO, Appellant.

STATE of Arizona, Appellee,

v.

Nelson Earl YAZZIE, Appellant.

STATE of Arizona, Appellee,

v.

Titus SEHONGVA, Appellant.

STATE of Arizona, Appellee,

v.

Charles Anthony CAPONE, Appellant.

Nos. 1 CA–CR 93–0485 to 1 CA–CR 93–0487 and 1 CA–CR 93–0628.

Court of Appeals of Arizona, Division 1, Department B.

May 24, 1994.

Reconsideration Denied July 21, 1994.

Review Denied Oct. 4, 1994.

Grant Woods, Arizona Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appellate Section, Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Myrna J. Parker, Navajo County Public Defender by David N. Howarth, Deputy Public Defender, Holbrook, for appellants.

## OPINION

CONTRERAS, Judge.

Appellants Elizabeth Pinto, Nelson Yazzie, Titus Sehongva and Charles Capone ("defendant(s)") appeal from the trial court's orders entering separate civil judgments against them for the amounts of restitution remaining unpaid after the expiration of their respective terms of probation.

The primary issue raised by these consolidated appeals is whether Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–805 allows the entry of

such a judgment after the expiration of the period of probation, but before the full restitution amount has actually been paid. Defendant Sehongva also asks this court to determine whether he is entitled to a hearing as a matter of right at the time his class 6 undesignated offense is considered for designation as a felony. We conclude that the trial court retained jurisdiction to enter civil judgment, and we affirm the orders entering civil judgments against each of the defendants. We vacate the order designating Sehongva's offense as a felony and remand for a hearing on that matter.

## FACTS

Each of the four defendants was found guilty of various criminal offenses, placed on a term of probation, and ordered to pay a certain amount of restitution. In each of these separate cases, the term of probation imposed by the court expired, and after the expiration date, the adult probation officer, pursuant to A.R.S. section 13–805, filed a "Petition for Entry of Civil Judgment" against each defendant requesting that judgment be entered for the unpaid balance of restitution and costs. All defendants moved to dismiss their respective petitions, arguing that (1) no rule or statute authorized the filing of such a petition after the expiration of the probationary period; (2) the deputy adult probation officer could not file such a petition because he was not an attorney; and (3) the trial court did not have jurisdiction because the petition was filed after the period of probation had ended. The trial court overruled the defendants' objections and granted the petitions and entered judgments. The defendants timely appealed. This Court consolidated these matters because they address a common issue of law. We have jurisdiction pursuant to A.R.S. sections 12–120.21(A)(1) (1992), 13–4031 (1989), and 13–4033(A) (Supp. 1992).

## TRIAL COURT JURISDICTION

The issue regarding repayment of restitution presents a pure question of law requiring us to apply basic tenets of statutory construction. We therefore review the trial court's conclusions *de novo*. *Nichols v.*

*State Farm Fire and Casualty,* 175 Ariz. 354, 355, 857 P.2d 406, 407 (App.1993); *Sunpower of Arizona, Inc. v. Arizona Department of Economic Security,* 175 Ariz. 109, 111, 854 P.2d 142, 144 (App.1993). The statute at issue is A.R.S. section 13–805. It states:

A. The trial court shall retain jurisdiction of the case for purposes of modifying the manner in which court-ordered payments are made until paid in full, or until the defendant's sentence expires. At the time the defendant completes his period of probation or his sentence, the court shall enter both:

1. Judgment in favor of the state for the unpaid balance, if any, of any fines, costs, incarceration costs, fees, surcharges or assessments imposed.

2. Judgment in favor of each person entitled to restitution for the unpaid balance of any restitution ordered.

B. The judgments may be enforced and renewed as any civil judgment.

A.R.S. section 13–805 (Supp.1993). The circumstances under which the trial court retains jurisdiction for purposes "... of modifying the manner in which court-ordered payments are made ..." are stated on the face of the statute in the disjunctive, i.e. "until paid in full or until the defendant's sentence expires." The word "or," as it is often used, is "[a] disjunctive particle used to express an *alternative* or *to give a choice* of one among two or more things." *Rutledge v. Arizona Board of Regents,* 147 Ariz. 534, 556–57, 711 P.2d 1207, 1229–30 (App.1985) (emphasis in original). We will usually interpret "or" to mean what it says, and we will give it that meaning unless impossible or absurd consequences will result. *Miller v. City of Tucson,* 153 Ariz. 380, 381, 736 P.2d 1192, 1193 (App.1987).

If we were to follow the construction urged by the defendants and construe the word "or" strictly in the disjunctive, the trial court would be divested of its jurisdiction when the first of two events occurs: payment in full of restitution or the expiration of the defendant's sentence. It is argued on behalf of defendants that unless the State satisfied the second portion of A.R.S. section 13–805(A) by

immediately filing a petition at the expiration of the period of probation, the trial court would lose its jurisdiction and thereby force the State and the victims to pursue other, more time-consuming remedies to collect the sums due them. We reject this scenario.

When statutory language gives rise to different interpretations, as it does here, we will adopt the interpretation that is most harmonious with the statutory scheme and legislative purpose. In doing so, we examine the policy behind the statute and the evil it seeks to remedy. *State v. Helffrich,* 174 Ariz. 1, 5, 846 P.2d 151, 155 (App.1992). We also look at the effects and consequences of a particular interpretation and compare them to other acts that are *in pari materia;* we will then construe the provisions to harmonize rather than contradict one another "if sound reasons and good conscience allow." *Ban v. Quigley,* 168 Ariz. 196, 198, 812 P.2d 1014, 1016 (App.1990), *review dismissed,* 169 Ariz. 477, 820 P.2d 643 (1991).

The preamble to S.B. 1232, Laws 1986, Ch. 248, which implemented the current version of A.R.S. section 13–805, describes the legislation as "prescribing procedures for restitution to victims for offenses causing economic loss." In Arizona, victims of crime have a constitutional right to "receive *prompt* restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." *Ariz. Const.,* Art. 2, section 2.1(A)(8) (emphasis supplied). When read together with the statutory language, it is reasonable to infer that the legislature intended to prescribe a procedure by which the victims would receive their restitution at the earliest possible opportunity. Because a strict interpretation of the disjunctive terms proffered by the defendants in this case would frustrate that intent and is inconsistent with Arizona's own constitution, we reject it. Accordingly, we conclude that the trial court retains jurisdiction to modify the *manner* in which court-ordered payments are made until such time that the amount has been paid in full, or until defendant's sentence expires, whichever occurs last. This first sentence of the statute relates only to the "manner" in which payments are to be made.

We next address the second sentence of the statute which sets forth what the trial court is mandated to do when a defendant has completed his sentence or period of probation and there remains an unpaid balance of fines, costs, assessments or *restitution.* The defendants argue that the words "at the time" as contained in the second sentence of the statute, i.e. "at the time defendant completes [his or her] period of probation or ... sentence," must be strictly construed thereby rendering these petitions for civil judgment untimely. Statutory provisions must be construed in the context of the entire statute to determine legislative intent. *Greves v. Ohio State Life Insurance Co.,* 170 Ariz. 66, 74, 821 P.2d 757, 765 (App.1991). Legislative intent may be presumed constant within the statute, and this court must harmonize the different parts of the statute so as to give the same effect to all parts. *Chaparral Development v. RMED International, Inc.,* 170 Ariz. 309, 313, 823 P.2d 1317, 1321 (App.1991).

Having interpreted the first sentence of A.R.S. section 13–805 as expanding, rather than limiting, trial court jurisdiction over the manner in which restitution and court costs are to be paid as a means of furthering legislative and constitutional intent, we construe the second phrase of the same statute in a consistent manner. Accordingly, we conclude that the words "at the time defendant completes [his or her] period of probation or ... sentence" are not jurisdictional, but are merely advisory as to when the trial court is to act. We hold that the trial court may consider a petition for entry of civil judgment which is filed within a reasonable time after the period of probation is completed. We leave the determination of the exact boundaries of reasonableness under section 13–805 for another day. This opinion, however, should not be taken as a license for indiscriminate or egregious delay; petitions for entry of civil judgment under A.R.S. section 13–805 should be filed with the trial court at the earliest possible opportunity.

The defendants also argue that the petitions for entry of civil judgment are invalid because the petitions were filed by an

adult probation officer, not a licensed attorney. This argument is without merit. Rule 27, Arizona Rules of Criminal Procedure, gives adult probation officers broad authority to administer the terms of probation. Specifically, Rule 27.5 provides that "the probation officer or the prosecutor ... may petition the sentencing court to revoke probation." Additionally, a probation officer may impose additional regulations on the probationer which are necessary to implement the probation conditions. Rule 27.1. Likewise, Rule 27.3 gives the probation officer the authority to petition the sentencing court for an early termination of probation. In short, Rule 27 is replete with provisions granting probation officers the authority to file petitions of various types. We see absolutely no reason to impose any additional requirements for petitions filed pursuant to A.R.S. section 13–805 beyond those already established by Rule 27. Cf. Ban, 168 Ariz. at 198, 812 P.2d at 1016 (scope of ambiguous language may be determined by examination of language in other acts that are *in pari materia*). A petition pursuant to section 13–805 may properly be filed by an adult probation officer who is not a licensed attorney.

The trial court retained jurisdiction to consider the petitions filed by the probation officer and to enter the orders of civil judgment against the defendants. The orders are affirmed.

### DESIGNATION HEARING

■ Defendant Sehongva was found guilty of driving under the influence of alcohol, a class 1 misdemeanor, and possession of drug paraphernalia, a class 6 undesignated felony. On December 2, 1991, he was placed on eighteen months probation and ordered to pay a fine of $780.00. Sehongva's term of probation expired on June 1, 1993. On June 29, 1993, the Adult Probation department filed a "Petition for Final Designation of Offense," alleging that Sehongva had failed to comply with various terms of his probation and recommending that Sehongva's offense be designated a felony. On July 1, 1993, Sehongva denied the allegations in the State's petition and requested an evidentiary hearing. The trial court denied Sehongva's

request for an evidentiary hearing and, on July 28, 1993, designated the offense a felony. In making its ruling, the trial court stated:

> [T]he court notes that pursuant to A.R.S. section 13–702(h) [sic] an undesignated offense is treated as a felony for all purposes until such time as the Court may actually enter an order designating the offense as a misdemeanor. There is no requirement that the Court make any formal order of designation nor does the Court conduct an evidentiary hearing thereon. (See A.R.S. section 13–702(a)[sic]) ... Therefore, the offense is designated a felony. Request for evidentiary hearing is denied.

(Citations in original.)

Defendant Sehongva contends on appeal that he is entitled to notice and opportunity to be heard at an evidentiary hearing. A.R.S. section 13–702(H) in effect at the time of the designation provided:

> Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, *having regard to the nature and circumstances of the crime and to the history and character of the defendant,* is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or may place the defendant on probation ... and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor....

A.R.S. section 13–702(H) (Supp.1993) (emphasis supplied). Because the designation rests within the discretion of the trial court, due process requires that a defendant be given notice and an opportunity to be heard prior to the trial court's designation of his offense as a felony. *State v. Smith,* 166 Ariz. 118, 120, 800 P.2d 984, 986 (App.1990) (citing

**598**

*Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973)).

The trial court was legally incorrect when it relied on A.R.S. section 13–702(H) as a basis for denying Sehongva's request for an evidentiary hearing. That the offense is treated as a felony until the final designation is made is not relevant to the question whether or not to hold a designation hearing. *State v. Benson,* 176 Ariz. 281, 284, 860 P.2d 1334, 1337 (App.1993). Either party may request a hearing, and the defendant is entitled to a hearing as a matter of right if he or she requests one. *Id.* at 285, 860 P.2d at 1338. The defendant filed such a request. We therefore reject the State's suggestion that no hearing need be held because Sehongva never requested his offense be designated a misdemeanor.

The State's second argument that Sehongva be required to produce some evidence in his request for a hearing to support a claim that he is entitled to have the offense designated as a misdemeanor is likewise without merit.

The July 28, 1993, order designating Sehongva's offense as a felony is vacated, and the cause is remanded to the trial court with directions to hold a designation hearing in compliance with *State v. Benson* and Rules 26.9 and 26.10(b)(1), Arizona Rules of Criminal Procedure.

## CONCLUSION

The trial court's orders granting the State's petitions for civil judgments are affirmed. The order designating defendant Sehongva's offense as a felony is vacated, and that case is remanded for further proceedings consistent with this opinion.

WEISBERG, P.J., and EHRLICH, J., concur.