290 P.3d 223

**In re THOMAS D.**

**No. 1 CA–JV 11–0223.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 20, 2012.

H. Allen Gerhardt, Coconino County Public Defender By Sandra L.J. Diehl, Deputy Public Defender, Flagstaff, Attorneys for Appellant.

David W. Rozema, Coconino County Attorney By Heather Mosher, Deputy County Attorney, Flagstaff, Attorneys for Appellee.

## OPINION

SWANN, Judge.

¶ 1 Appellant Thomas D. appeals a juvenile court order terminating his probation as unsuccessful and requiring him to register as a sex offender. We hold that when the state seeks to terminate a juvenile from probation unsuccessfully based on an alleged violation, termination proceedings under Ariz. R.P.

Juv. Ct. 31 are insufficient, and the court must comply with the revocation procedures set forth in Ariz. R.P. Juv. Ct. 32.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On September 10, 2010, the Coconino County Superior Court placed Thomas, then age thirteen, on one year of standard probation for attempted sexual assault. A special condition of Thomas's probation was that he enroll as an outpatient in a "formal sexual offending treatment program" for a minimum of six months. The question of whether Thomas should be ordered to register as a sex offender was deferred pending his completion of probation.

¶ 3 During his probation, Thomas's probation officer provided the court periodic Probation Progress Reports noting satisfactory and even outstanding progress, revealing no unsatisfactory progress, and adding that his family was working very hard to set up counseling. On August 11, 2011, Thomas's probation officer filed a Probation Progress Report indicating, as before, that Thomas's compliance with his conditions of probation was "outstanding" or "satisfactory" in every respect, and describing no category as "unsatisfactory." The report added that Thomas was "signed up and ready to attend" counseling and "is currently waiting his start date," repeating that his family continued to try "very hard to set up counseling." Six days later, and less than a month before Thomas's one year of probation was to end, Thomas's probation officer filed a motion to terminate his probation. The motion stated that Thomas had completed various programs and evaluations required by probation and had had no new referrals during probation.

¶ 4 On August 18, 2011, the court conducted a review hearing—the last hearing conducted in the case. The court asked whether Thomas had fulfilled the six-month treatment requirement and requested that the probation officer provide an opinion on the issue. The probation officer told the court: "I don't know if it was through Thomas's fault or not,

but he didn't get [the treatment]." Later in the hearing, the court told Thomas: "[Y]ou've been very cooperative and doing what you're supposed to be doing. I'm real proud of you. I want you to keep up the good work, okay?" The court also ordered counsel to brief whether Thomas's probation should be terminated as successful or unsuccessful based on the treatment condition.

¶ 5 In accord with the court's order, Thomas's counsel filed a Request for Successful Termination of Probation and provided the court with a letter from Thomas's therapist.[1] In the letter, the therapist stated that he had been Thomas's therapist for almost two years and had worked with him on issues including sexual offenses. Counsel explained that Thomas had lived in Maricopa and Coconino Counties during his probation and the very day he was to begin a program to address his sex offense issues in Maricopa County, he was brought back to Coconino County. Counsel further asserted that Thomas had received some sexual abuse counseling while detained at a juvenile detention center for five months before and during probation. Consistent with the probation officer's periodic Probation Progress Reports, counsel argued that any perceived failure to satisfy the treatment condition was beyond Thomas's control. Counsel contended that services were not timely provided to Thomas because of his multiple transfers between Coconino and Maricopa Counties during his probation and because of "bureaucratic red tape and short staffed service providers." Counsel asserted that Thomas was still actively trying to obtain services and was on wait-lists for three programs, but that he faced lengthy wait-list periods.

¶ 6 The state filed an Opposition to Successful Termination of Probation. Despite the limited purpose implied by the title of this document, the state affirmatively asked the juvenile court to terminate Thomas's probation unsuccessfully because he failed to comply with the terms of probation. The state argued that there was no evidence that

---

1. Shortly before oral argument on appeal, the state moved this court to supplement the record with a recent e-mail from the therapist correcting and clarifying some of the statements in the letter. We deny the motion because the e-mail has no bearing on our opinion. If relevant, the state may properly submit the e-mail to the juvenile court on remand.

Thomas completed any "formal" sex offender treatment as required by the conditions of his probation, and that his risk of reoffending was unknown without a final evaluation from a formal treatment program. The state affirmatively requested the court to order him to register as a sex offender based on his alleged violation of the six-month treatment requirement.

¶ 7 Based solely on the briefing and without holding a hearing, the juvenile court found that Thomas did not comply with the probation condition requiring him to complete at least six months of formal sex offender treatment. The court found that

> [w]hile some information has been provided by [Thomas's therapist], there is no indication that the course of treatment has been successfully completed[,] ... no information regarding the minor's ability to integrate the skills he has learned into his daily life[,] ... [and] no indication or assessment of the minor's risk of reoffending.

The court then granted the state's request and ordered Thomas "terminated from probation unsuccessfully" and, based on that finding, ordered him to register as a sex offender until his 25th birthday. Thomas was 14 years old at the time and had been on standard probation for a little over a year.

¶ 8 Thomas timely appeals. We have jurisdiction pursuant to A.R.S. § 8–235(A) and Ariz. R.P. Juv. Ct. 103(A).

## STANDARD OF REVIEW

¶ 9 The juvenile court has broad discretion to determine the proper disposition of a delinquent juvenile. *In re Miguel R.*, 204 Ariz. 328, 331, ¶ 3, 63 P.3d 1065, 1068 (App.2003). This discretion extends to revoking, modifying, continuing, or terminating the juvenile's probation. *In re Brittany Y.*, 214 Ariz. 31, 33, ¶ 12, 147 P.3d 1047, 1049 (App.2006); *In re Themika M.*, 206 Ariz. 553, 554, ¶¶ 5–6, 81 P.3d 344, 345 (App.2003). But the court must exercise its discretion in accord with the standards for due process. *In re Richard M.*, 196 Ariz. 84, 86–87, ¶ 11, 993

P.2d 1048, 1050–51 (App.1999). The court abuses its discretion if it misapplies the law or a legal principle. *In re Maricopa County Juvenile Action No. JV–128676*, 177 Ariz. 352, 353, 868 P.2d 365, 366 (App.1994).

## DISCUSSION

¶ 10 Thomas contends that the juvenile court abused its discretion by terminating his probation as unsuccessful and ordering him to register as a sex offender, because he did not willfully violate the six-month treatment condition and he remains amenable to rehabilitative services. The state counters that a willful violation is not required for a probation termination, and that Thomas's behavior warrants sex offender registration. And at oral argument on appeal, the state argued for the first time that the juvenile court did not actually terminate Thomas's probation because his probation terminated by operation of law one year after its imposition.

¶ 11 As an initial matter, we reject the state's argument that the juvenile court did not actually terminate Thomas's probation. Among other things, the record clearly demonstrates that the juvenile court affirmatively terminated Thomas's probation: the court expressly stated that Thomas "is terminated from probation unsuccessfully." In doing so, the court addressed the parties' motion papers in which the state never argued that probation had terminated by the passage of time but requested unsuccessful termination based on Thomas's alleged failure to satisfy a condition of probation. Moreover, the probation officer's motion for termination was filed well before the expiration of the one-year probation term. *See In re Stephanie N.*, 210 Ariz. 317, 320, ¶ 18, 110 P.3d 1280, 1283 (App.2005) (juvenile court retained jurisdiction when petition to revoke was filed but not adjudicated before expiration of probation term).[2] The court's ruling was, in form and substance, a decision on the parties' arguments for successful or unsuccessful termination based on Thomas's compliance with the conditions of his probation.

---

**2.** We need not address, and do not decide, whether the juvenile court would have had juris-

diction to consider the issue had the motion been filed after the expiration of the probation term.

¶ 12 We hold that the court abused its discretion because it applied the procedures of Ariz. R.P. Juv. Ct. ("Rule") 31, not Rule 32, when it unsuccessfully terminated Thomas's probation based on an alleged violation of a probation condition.[3] Termination of a delinquent juvenile's probation is authorized by Rule 31(D) "upon the request of the juvenile probation officer, motion of the juvenile, or [the court's] own motion after notice and an opportunity for response from all parties." Rule 31(D) does not expressly authorize the state to seek unsuccessful termination of probation.

¶ 13 Rule 31(D) clearly contemplates early terminations for probationers who have successfully completed all requirements of their probation. And though no rule or statute provides expressly for terminations of juvenile probation as "unsuccessful," this court acknowledged the use of Rule 31 for that purpose in *In re Themika M.* In *Themika M.*, the only published opinion addressing unsuccessful termination of juvenile probation, the court held that such probation terminations may be warranted because,

> for those defiant juveniles who have repeatedly violated their probation conditions yet still do not meet the guidelines for commitment to the Arizona Department of Juvenile Corrections, the state should not be forced to waste finite resources in ongoing but futile attempts to secure compliance until a minor turns eighteen.

*Id.* at 555, ¶ 13, 81 P.3d at 346.[4]

¶ 14 In *Themika M.*, the court upheld termination as unsuccessful after the probationer admitted several of the allegations in two petitions to revoke her probation filed pursuant to Rule 32. *Id.* at 553–54, ¶¶ 3–6,

81 P.3d at 344–45. Because the record reflected compliance with the procedural protections for revocation proceedings contained in Rule 32, the court in *Themika M.* was not presented with the issue whether unsuccessful termination is available outside of Rule 32 proceedings. Indeed, the juvenile in that case did not argue that she had been afforded fewer procedural protections in connection with the termination of her probation than she would have received under Rule 32. *Id.* at 554, ¶ 8, 81 P.3d at 345. The only harm that the juvenile in *Themika M.* claimed was the inability to have her adjudication set aside and her juvenile records destroyed—a benefit available by statute only to those who successfully complete probation. 206 Ariz. at 555–56, ¶¶ 14–15, 81 P.3d at 346–47 (citing A.R.S. §§ 8–348(A) ("fulfilled the conditions of probation") and 8–349(C)(5) ("successfully completed all of the terms and conditions of probation"), 8–349(E)(4) (same)).[5] In those circumstances, the court held that the difference between unsuccessful termination under Rule 31 and revocation under Rule 32 was "one of semantics, at least on these facts." *Id.* at 554, ¶ 8, 81 P.3d at 345.

¶ 15 A reading of *Themika M.* that allows the state to seek unsuccessful termination as a substitute for revocation would rewrite Rule 31 and render Rule 32 superfluous, and we therefore reject the notion that the case can be so broadly read. Here, there was no "defiant juvenile" who had "repeatedly violated [his] probation," and there was no Rule 32 petition to revoke probation resulting in the order terminating Thomas's probation unsuccessfully. Indeed, the record reveals that as of the last hearing in the case, Thomas had apparently complied as fully with the conditions of his probation as his own efforts

---

**3.** Thomas argued in the juvenile court that his behavior on probation did not warrant sex offender registration. He never objected to the absence of Rule 32 procedures, presumably because he was the movant, seeking successful termination of probation under Rule 31. Because the state never affirmatively moved for unsuccessful termination, Thomas had no opportunity to address the issue below, and we therefore consider his arguments on appeal.

**4.** It may be similarly wasteful to continue the probation of a person who has failed to satisfy all conditions of probation but is rehabilitated and

no longer requires supervision to ensure completion of the remaining conditions. *State v. Lewis*, 226 Ariz. 124, 127, ¶¶ 14–16, 244 P.3d 561, 564 (2011) (affirming unsuccessful termination of probation under criminal rules for adult probationer who was rehabilitated but still owed some outstanding fines and fees).

**5.** An unsuccessful termination will disqualify a juvenile probationer from applying under A.R.S. §§ 8–348 and 8–349 to have his adjudication set aside and his records destroyed. *Themika M.*, 206 Ariz. at 555–56, ¶¶ 14–15, 81 P.3d at 346–47.

would allow. The court expressed its own respect for those efforts, noting that he had been "cooperative and doing what [he was] supposed to be doing." The only question about which the court had concern—the reason for the incomplete state of Thomas's treatment—was precisely the type of question that the hearing procedures provided by Rule 32 could have addressed and was directly relevant to the court's determination of the appropriate disposition of this case. *See Black v. Romano,* 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) ("Where such discretion [to continue probation] exists . . . probationer is entitled to an opportunity to show not only that he did not violate the conditions, but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition."). But no Rule 32 petition to revoke probation was filed, no hearing was held, and Thomas was not allowed the opportunity to appear and be heard regarding the state's concerns before the court entered a final disposition.[6]

¶ 16 The juvenile court's disposition in this case also carried consequences far beyond those at issue in *Themika M.* Not only did Thomas's perceived failure to comply with probation result in his unsuccessful termination from probation—it led directly to the requirement that he register as a sex offender. Accordingly, Thomas did not merely lose an advantage available to successful probationers, he was affirmatively subjected to a requirement that would likely have dramatic adverse effects on him well into adulthood. *See* A.R.S. § 13–3821(D) (delinquent juvenile's duty to register as sex offender terminates by operation of law at age twenty-five); A.R.S. § 13–3824 (failure to comply with registration requirements is a felony).

¶ 17 Rule 32—unlike Rule 31—expressly states that "the prosecutor shall represent the state in any revocation of probation proceeding" and expressly authorizes the prosecutor to file a Petition to Revoke Probation. Ariz. R.P. Juv. Ct. 32(A), (B). Rule 32 au-

thorizes the entry of a disposition only after there has been: a petition and probable cause determination; an advisory hearing at which the juvenile is advised of his constitutional rights and given the opportunity to admit or deny the alleged violation; and an evidentiary hearing at which the state carries the burden of proof, and the juvenile may present his own evidence and cross-examine witnesses. Ariz. R.P. Juv. Ct. 32(B)-(E). In the absence of these procedures, the state cannot request and obtain the unsuccessful termination of a juvenile's probation. *Cf. In re Richard M.,* 196 Ariz. at 86, ¶ 10, 993 P.2d at 1050 ("A court cannot order a juvenile into detention without a petition to revoke probation or without a hearing because to do so would violate the juvenile's right to due process."); *In re Melissa K.,* 197 Ariz. 491, 493–94, ¶¶ 7–11, 4 P.3d 1034, 1036–37 (App.2000) (vacating juvenile court's acceptance of juvenile's admission to probation violation where record did not affirmatively establish that juvenile was advised of or otherwise aware of her constitutional rights and the potential consequences of her admission).

¶ 18 In this case, unlike in *Themika,* the court did not terminate probation because the state was being "forced to waste finite resources in ongoing but futile attempts to secure compliance." The state never properly sought such a termination pursuant to Rule 32 but, instead, improperly requested it pursuant to Rule 31 in response to the juvenile probation officer's request for termination and the juvenile's request for successful termination. The real question, therefore, was not whether probation had been demonstrated to be a wasteful exercise that should simply be discontinued, but whether the requests by the juvenile or the juvenile probation officer to terminate probation should be granted. Though the court might have concluded after Rule 32 proceedings that Thomas had violated a condition of probation and should be subject to certain consequences, summary unsuccessful termination was a le-

6. The record reveals that at Thomas's last hearing, the court itself was unaware whether there was a sex offender registration pending in the case, and Thomas therefore had no opportunity to address the issue in a manner consistent with due process. Though the court requested brief-

ing on the issue of whether Thomas had completed six months of treatment, and the briefing included counsels' arguments on the sex offender issue, there were no further hearings on that issue.

gally unsound means of reaching that result. Because the state did not properly invoke Rule 32, there was no opportunity to present evidence, and because Thomas did not admit to any violations, we cannot evaluate whether sufficient evidence would have supported the result.

¶ 19 We therefore hold that when the state alleges a violation of a condition of probation as the basis for terminating a juvenile from probation, the probationer is entitled to the due process protections that Rule 32 affords. We emphasize that this holding in no way limits the juvenile court's authority to impose case-specific consequences as part of probation modification proceedings or other orders warranted by the evidence after the application of appropriate procedural safeguards consistent with the Rules.

### CONCLUSION

¶ 20 The juvenile court erred in applying Rule 31, instead of Rule 32, when it granted the state's request to unsuccessfully terminate Thomas's probation. This error of law created an abuse of discretion and was an improper basis for the juvenile court's order requiring Thomas to register as a sex offender. We therefore vacate the juvenile court's order terminating Thomas's probation as unsuccessful and requiring him to register as a sex offender. We remand so that the court may rule on Thomas's motion for successful termination. On remand, the court may consider Thomas's participation (if any) in sex offender treatment since the date of the vacated order. *See State v. Botkin,* 221 Ariz. 1, 5, ¶ 21, 209 P.3d 137, 141 (2009).

CONCURRING: JOHN C. GEMMILL, Presiding Judge, and ANDREW W. GOULD, Judge.