NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE JAMES W.

No. 1 CA-JV 20-0347
FILED 4-29-2021

Appeal from the Superior Court in Maricopa County
No. JV199049
The Honorable Wendy S. Morton, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Maricopa County Public Advocate, Phoenix
By Lori A. Leon
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

---

**M O R S E**, Judge:

**¶1**        James W. appeals the juvenile court's orders (1) requiring he register as a sex offender, (2) terminating his probation unsuccessfully, and (3) designating his offense as a felony.  For the following reasons, we affirm in part and vacate in part.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In September 2017, James was placed on probation after being adjudicated delinquent, pursuant to a plea agreement, for indecent exposure, a class six undesignated offense.  The plea agreement included a requirement that "[t]he offense shall not be designated a misdemeanor unless and until the Juvenile successfully completes all imposed terms of probation."  A special condition of probation required James to "attend, participate, make satisfactory progress and complete any treatment . . . directed or ordered by the court . . . ."  At a hearing in October 2020, the juvenile court found that James must register as a sex offender because he had not successfully completed probation, and the offense would be designated a felony. James turned eighteen after the hearing, but before the order was filed.  James timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 8-235, 12-120.21(A), 13-4033(A)(3), and Ariz. R.P. Juv. Ct. 103(A).

### DISCUSSION

**I.    Registration.**

**¶3**        The juvenile court has subject matter jurisdiction over juvenile adjudication, including over ordering sex-offender registration, while the juvenile is under eighteen. *See State v. Espinoza*, 229 Ariz. 421, 427, ¶ 24 (App. 2012); *see also* A.R.S. §§ 8-202(G), -246(A).  A final order of the juvenile court "shall be by minute entry or separate written order."  Ariz. R.P. Juv. Ct. 104(A); *In re Michelle G.*, 217 Ariz. 340, 344, ¶ 14 (App. 2008) (finding a juvenile court order becomes final "when it [i]s signed by the judge and filed by the clerk of the court").

¶4        The State concedes that the juvenile court did not have subject matter jurisdiction to enter the order requiring James to register as a sex offender because the order was filed after James's eighteenth birthday. Though the court orally pronounced the order to register as a sex offender before James turned eighteen, the court did not file the written order until after James's birthday. Because the order was not final until it was filed, the court no longer had subject matter jurisdiction over James when it filed the written order. *Espinoza*, 229 Ariz. at 426-27, ¶¶ 23-24; *see also In re Bryan D.*, 1 CA-JV 20-0212, 2021 WL 282272, at *1, ¶¶ 5-6 (Ariz. App. Jan. 28, 2021) (mem. decision) (vacating registration order filed after juvenile's eighteenth birthday). Accordingly, we accept the State's concession and vacate the order.

## II.    Probation.

¶5        James also argues the juvenile court abused its discretion by determining he was terminated unsuccessfully from probation. The State concedes the juvenile court's order was void. An order terminating probation early is authorized under Arizona Rule of Procedure for Juvenile Court 31(D). *In re Thomas D.*, 231 Ariz. 29, 32, ¶ 13 (App. 2012). However, the court had not finalized the order when James's eighteenth birthday divested the court of jurisdiction. A.R.S. §§ 8-202(G), -246(A). Because the juvenile court lacked jurisdiction, the order was void. *See Espinoza*, 229 Ariz. at 426-27, ¶¶ 23-24. Accordingly, we vacate the order.

## III.   Designation.

¶6        James argues the court erred in designating the offense a felony. "The juvenile court has broad discretion to determine the proper disposition of a delinquent juvenile." *Thomas D.*, 231 Ariz. at 31, ¶ 9. A trial court is permitted to designate a class six felony as a class one misdemeanor. *See* A.R.S. § 13-604(A). "The statute, by its terms, confers discretion upon the court with respect to the ultimate designation of the offense . . . ." *State v. Smith*, 166 Ariz. 118, 119 (App. 1990). The juvenile court retains jurisdiction "after a juvenile's eighteenth birthday for the purpose of designating an undesignated felony offense as a misdemeanor or felony." A.R.S. § 8-202(J).

### A.    Plea Agreement.

¶7        First, James argues the juvenile court erred by following the terms of the plea agreement. The court determined it was required to designate the offense as a felony because James failed to complete treatment and therefore did not comply with the plea agreement. James asserts that

"the court is not bound by the plea agreement as the court is granted full and broad discretion when deciding how an undesignated felony should be designated."

**¶8**   The language in A.R.S. § 13-604 giving judges "broadened sentencing discretion has no effect on the rules applicable to plea bargaining." *State v. Corno*, 179 Ariz. 151, 154 (App. 1994). "Unless the plea agreement specifically gives the court discretion to do otherwise, the court may not vary the terms of the plea agreement without consent of the parties." *State v. Oatley*, 174 Ariz. 124, 125-26 (App. 1993). James has shown no error in the court's conclusion that it remained bound by the parties' plea agreement.

### B.  Unsuccessful Treatment.

**¶9**   Next, James argues the court abused its discretion when it concluded he did not successfully complete probation. The juvenile offender statutes define "successfully" to mean "in the discretion of the court, the person satisfied the conditions of probation." A.R.S. § 8-349(N). Although we vacate the court's order terminating probation unsuccessfully, *supra* ¶ 5, we review the court's determination that James failed to successfully complete probation for an abuse of discretion, *see Thomas D.*, 231 Ariz. at 31, ¶ 9; *Smith*, 166 Ariz. at 119. The parties presented conflicting evidence regarding the degree of James's treatment success, but we do not reweigh the evidence. *In re Andrew A.*, 203 Ariz. 585, 587, ¶ 9 (App. 2002). We review the record "only to determine if there is sufficient evidence to sustain the juvenile court's ruling." *Id.*

**¶10**   The juvenile court reviewed the reports and discharge summary from the designated treatment provider. The reports and summary detail numerous incidents of inappropriate behavior during his inpatient treatment. The court also reviewed a psychosexual report where the clinician stated that James was "successful in many areas associated with successful progress," but the court found the information from the treatment provider more compelling than the information contained in the psychosexual report. The court noted that although James had finished with the inpatient program, he was released into the community to an outpatient program, which, due to time constraints, he had not finished. The court also recognized that community safety remained a concern and that James continued to exhibit concerning behavior requiring monitoring. The record provides support for the court's findings and James has failed to show the court abused its discretion in determining he did not successfully complete the required treatment.

### C.    Timing of Designation.

¶11       Finally, James argues the court abused its discretion "by prematurely designating the undesignated felony and preventing James an opportunity to return to the court with proof of completion of his goals and improvements made in his life." But "the time for designating an offense is a procedural matter." *State v. Winton*, 153 Ariz. 302, 305 (App. 1987). The trial courts are "not required to designate a defendant's offense at a specific time," *State v. Soriano*, 217 Ariz. 476, 480, ¶ 13 (App. 2008), and may "refrain from designating the offense until the probation is terminated," *State v. Arana*, 173 Ariz. 370, 371 (1992).

¶12       At the hearing, James requested the juvenile court address the undesignated felony issue. He received the required opportunity to be heard. *See State v. Pinto*, 179 Ariz. 593, 597 (App. 1994) (noting that designating an undesignated offense implicates due process and requires notice and opportunity to be heard). The court concluded that the treatment component of probation remained unfinished. *See supra* ¶ 10. James has shown no abuse of the court's discretion to designate the offense a felony at the conclusion of probation.

### CONCLUSION

¶13       We vacate the juvenile court's orders requiring James to register as a sex offender and terminating his probation unsuccessfully. We affirm the designation of the offense as a felony.



AMY M. WOOD • Clerk of the Court
FILED:   AA