NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE JORDAN M.

No. 1 CA-JV 21-0130
FILED 9-2-2021

Appeal from the Superior Court in Maricopa County
No. JV200949
The Honorable Virginia L. Richter, Judge *Pro Tempore, Retired*

**AFFIRMED**

COUNSEL

The Law Offices of Kevin Breger, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

**¶1**         Jordan M. appeals from a superior court order terminating his probation unsuccessfully and designating his offense as a felony. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         While on probation for a different offense, Jordan attempted to steal a credit card. In May 2020, he pled delinquent to attempted theft, a class six undesignated felony. The plea agreement stipulated that if Jordan successfully completed probation the offense would be designated a misdemeanor. *See* A.R.S. § 13-604(A). One term of Jordan's probation required that he "not use or possess any illegal drugs."

**¶3**         In April 2021, Jordan asked the court to terminate probation and designate his offense a misdemeanor. At a hearing, Jordan's probation officer recommended that the court designate the offense a misdemeanor even though Jordan had consistently tested positive for marijuana throughout his probation term. The probation officer testified that Jordan had been compliant with the other probation terms and was successfully working, getting an education, separating himself from negative influences, and taking responsibility for his past actions. The probation officer stated that Jordan's drug testing did not indicate when he last used marijuana. For his part, Jordan testified that he last used marijuana three to four weeks before the hearing and had stopped using so he could end his probation.

**¶4**         The court released Jordan from probation but concluded that he did not successfully complete probation and designated the offense a felony. *See* A.R.S. § 13-604(A).

**¶5**         We have jurisdiction over Jordan's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1) and Ariz. R.P. Juv. Ct. 103–04.

## DISCUSSION

**¶6**         Jordan argues that because he complied with most of the probation terms, the court abused its discretion by designating his offense a felony based only on his marijuana use. He further argues that because the drug testing did not indicate the amount of marijuana in his system and he testified that he had stopped using marijuana, the "court relied on information about test results without sufficient legal basis" for which Jordan should have been given the benefit of the doubt.

**¶7**  "The juvenile court has broad discretion to determine the proper disposition of a delinquent juvenile," *In re Thomas D.*, 231 Ariz. 29, 31, ¶ 9 (App. 2012), and is permitted to designate a class six felony as a class one misdemeanor, A.R.S. § 13-604(A). *See State v. Smith*, 166 Ariz. 118, 119 (App. 1990) (stating the statute "confers discretion upon the court with respect to the ultimate designation of the offense"). We review the court's order terminating Jordan's probation and its designation of his offense as a felony for an abuse of discretion. *See Thomas D.*, 231 Ariz. at 31, ¶ 9. We review the record "only to determine if there is sufficient evidence to sustain the juvenile court's ruling." *In re Andrew A.*, 203 Ariz. 585, 587, ¶ 9 (App. 2002).

**¶8**  Here, to designate his offense a misdemeanor, the plea agreement required that Jordan successfully complete all terms of probation, however, he testified that he used marijuana only weeks before the hearing. The court relied on Jordan's testimony along with the drug test results and testimony from the probation officer to determine Jordan had not successfully complied with every probation term. *See State v. Oatley*, 174 Ariz. 124, 125-26 (App. 1993) ("Unless the plea agreement specifically gives the court discretion to do otherwise, the court may not vary the terms of the plea agreement without consent of the parties."); A.R.S. § 8-349(O) (defining "successfully" to mean "in the discretion of the court, the person satisfied the conditions of probation"). The evidence is sufficient to support the court's ruling. *See Andrew A.*, 203 Ariz. at 587, ¶ 9.

**¶9**  Because Jordan does not show the court relied on erroneous facts or misapplied the law in exercising its discretion to designate the offense a felony, he has not shown an abuse of discretion. *See Thomas D.*, 231 Ariz. at 31, ¶ 9.

**CONCLUSION**

**¶10**  For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA