NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE ADAN R.

No. 1 CA-JV 22-0101
FILED 10-27-2022

---

Appeal from the Superior Court in Maricopa County
No. JV603859
The Honorable Cynthia L. Gialketsis, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Phoenix
By Caitlin Josephine Engstrand
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1     Adan R. appeals his felony designation and unsuccessful termination from probation. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2     On July 11 and 30, 2019, the State filed two delinquency petitions against Adan alleging he had committed robbery, aggravated assault, disorderly conduct, and assault with intent to injure and provoke. Resolving both petitions, Adan pled delinquent to the aggravated assault charge and one assault charge. The court dismissed other charges. The plea listed the aggravated assault charge as an undesignated felony. Adan received probation for one year.

¶3     The superior court revoked probation after Adan tested positive for fentanyl. Adan pled to the violation and the judge reinstated probation. The superior court revoked probation again because Adan failed to obey the rules of his treatment facility. But probation was again reinstated for a year. The court revoked probation for a third time because Adan tested positive for fentanyl again.

¶4     On September 15, 2021, at a subsequent review of restoration hearing, the court found Adan incompetent, dismissed the probation violation, and released him from probation. The day after the hearing, probation requested the undesignated offense from Adan's plea be designated a felony. The request document noted that the defense attorney opposed the request. On September 23, the court granted probation's request ("September Ruling"). The court did not copy Adan's counsel on the September Ruling.

¶5     On January 29, 2022, another petition was filed against Adan for misconduct with a weapon and possession of a firearm as a minor. On February 14, Adan's counsel, now aware of the September Ruling, filed a motion to vacate the finding of unsuccessful release from probation and the

felony designation. After the court found Adan competent, it held a disposition hearing in March related to the firearm charges. At the hearing, Adan contested the September Ruling arguing he was not represented by counsel and had been determined incompetent at the time of the ruling. The court affirmed the September Ruling. Adan admitted to the firearm charge and the court placed him on intensive probation. Adan appeals his unsuccessful release from probation and designation of the July 11 incident as a felony. We have jurisdiction. A.R.S. § 12-120.21(A)(1).

## DISCUSSION

### I.  Incompetency

¶6　　　"A juvenile shall not participate in a delinquency, incorrigibility, or criminal proceeding if the court determines that the juvenile is incompetent to proceed." A.R.S. § 8-291.01(A). It is error when a court holds a proceeding for an incompetent juvenile. *See In re Charles B.*, 194 Ariz. 174, 175, ¶ 4 (App. 1998) (stating the purpose of the statute "is to ensure that no incompetent juvenile is prosecuted").

¶7　　　Here, Adan was not restored to competency until February 2022. The court erred in the September Ruling because the court issued it while Adan was incompetent. But the court cured that error when it subsequently held a hearing after determining Adan was competent, provided Adan the opportunity to present argument about the rulings, and reaffirmed the September Ruling.

### II.  Benefit of Counsel

¶8　　　Arizona law protects the right of juveniles to assistance of counsel in delinquency proceedings at critical stages. Ariz. R.P. Juv. Ct. 206(a). Adan's counsel was on notice of probation's request to designate one of Adan's offenses as a felony because counsel opposed the request. Any error regarding the court's failure to copy counsel on the September Ruling was cured when the court held the March hearing with counsel present.

### III.  Abuse of Discretion

¶9　　　"The juvenile court has broad discretion to determine the proper disposition of a delinquent juvenile." *In re Thomas D.*, 231 Ariz. 29, 31, ¶ 8 (App. 2012). Broad discretion also applies to terminating probation. *Id.* We review a juvenile court disposition for abuse of discretion. *In re Miguel R.*, 204 Ariz. 328, 331, ¶ 3 (App. 2003). Abuse of discretion occurs

when the trial court's action is "manifestly unreasonable." *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009).

**¶10**    Adan argues that the court cannot release him unsuccessfully from probation while also placing him on a new probation program for another petition. We disagree. Adan had violated probation twice before the court terminated probation during the proceedings regarding a third violation. Adan pled guilty to the firearm offense and received probation. We find no reason to prevent a court from terminating a juvenile's probation unsuccessfully because they are receiving probation for a new offense. These circumstances provide sufficient reason for the superior court to terminate probation and designate the July 11 charge as a felony. The court did not abuse its discretion.

**CONCLUSION**

**¶11**    We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4