IN THE

# ARIZONA COURT OF APPEALS
## DIVISION TWO

---

IN RE R.E.

No. 2 CA-JV 2016-0104
Filed January 6, 2017

---

Appeal from the Superior Court in Pinal County
No. S1100JV201400051
The Honorable Daniel A. Washburn, Judge

**AFFIRMED IN PART;
VACATED IN PART AND REMANDED**

---

COUNSEL

William G. Montgomery, Maricopa County Attorney
By Karen Sciarrotta, Deputy County Attorney, Mesa
*Counsel for State*

Sabrina Ayers Fisher, Maricopa County Public Advocate
By Colleen Engineer, Deputy Public Advocate, Phoenix
*Counsel for Minor*

---

**OPINION**

Presiding Judge Vásquez authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Miller concurred.

---

V Á S Q U E Z, Presiding Judge:

¶1        R.E. appeals from juvenile court orders adjudicating him delinquent for criminal damage and placing him on juvenile

intensive probation (JIPS). R.E. argues the evidence was insufficient to prove he acted with the mental state of recklessness required to find him culpable for criminal damage. For the following reasons, we affirm the court's delinquency adjudication, but we vacate the disposition and remand the case for a new disposition hearing.

## Factual and Procedural Background

¶2 In March 2015, the Maricopa County Attorney filed a delinquency petition alleging R.E., then eleven years old, had "recklessly defaced or damaged vehicles" belonging to others in September 2014, in violation of Arizona's criminal-damage statute. The instant case was assigned Maricopa County Cause No. JV598741, and, after an adjudication hearing held in February 2016, the juvenile court found R.E. delinquent as charged. On April 7, 2016, the court transferred the matter to Pinal County for disposition.

¶3 While this case was pending in Maricopa County, R.E. was the subject of additional delinquency petitions in Pinal County, assigned Pinal County Cause No. S1100JV201400051. In that case, on April 12, 2016, R.E. admitted allegations that he had committed burglary on November 12, 2015, and misdemeanor theft on June 28, 2015. At the admissions hearing, the Pinal County Juvenile Court advised R.E. that he had been classified as a first-time felony juvenile offender as a result of the instant case and would be classified as a repeat felony juvenile offender as a result of his admissions in the Pinal County matter.

¶4 In considering the two matters consolidated for disposition, the juvenile court placed R.E. on JIPS, stating that standard probation was "not an option." The court told R.E., who was thirteen at the time, that it had "no discretion in that regard," because imposition of JIPS was "mandatory" when a juvenile had multiple felony adjudications.

## The Delinquency Adjudication

¶5 We view the evidence at the adjudication hearing in the light most favorable to sustaining the juvenile court's adjudication

order. *In re David H.*, 192 Ariz. 459, ¶ 3, 967 P.2d 134, 135 (App. 1998). So viewed, the record established that a group of children were walking to school through an alley when R.E. and two other boys began picking up "really big rocks" and throwing them over a wall into the parking lot of an apartment complex. A woman who lived nearby heard "crashing noises," saw the rocks being thrown, and went outside, where she found rocks next to her neighbors' damaged vehicles.

¶6         When a Mesa police officer later asked R.E. what had happened, he said he and two other boys were throwing rocks and trying to hit two cars in the parking lot. R.E. told the officer that D., who was described as eight or nine years old at the time, was "actually aiming for the red car but missed the red car and was hitting the white car." R.E. did not think any of the rocks he had thrown had hit the vehicles, except for one rock that "might have hit the tire of the white vehicle."

¶7         At the close of the evidence, R.E. argued that "[t]hree young boys throwing rocks" over a wall "does not amount to reckless behavior." The juvenile court found R.E. delinquent "either directly or as an accomplice," noting that, "by [his] own admission," R.E. was not just throwing rocks over a wall; instead, he and D. were knowingly "throwing rocks at cars."

¶8         In reviewing a challenge to the sufficiency of the evidence, we consider whether it "sufficed to permit a rational trier of fact to find the essential elements of [each] offense beyond a reasonable doubt." *In re Dayvid S.*, 199 Ariz. 169, ¶ 4, 15 P.3d 771, 772 (App. 2000). "[W]e will not re-weigh the evidence, and we will only reverse on the grounds of insufficient evidence if there is a complete absence of probative facts to support the judgment or if the judgment is contrary to any substantial evidence." *In re John M.*, 210 Ariz. 424, ¶ 7, 36 P.3d 772, 774 (App. 2001).

¶9         To establish R.E. acted recklessly, the state was required to show (1) he was "aware of and consciously disregard[ed] a substantial and unjustifiable risk" that the vehicles in the parking lot would be damaged by his conduct and (2) that risk was "of such nature and degree" that his disregard of it "constitute[d] a gross

deviation from the standard of conduct that a reasonable person would observe in the situation." A.R.S § 13-105(10)(c). Relying on *In re William G.*, R.E. maintains the juvenile court was required to consider whether his conduct was a gross deviation from the conduct of reasonable "juveniles of like age, intelligence and maturity." 192 Ariz. 208, 214, 963 P.2d 287, 293 (App. 1997). He argues, "An eleven year old throwing a rock over a six foot fence on his way to school is not a gross deviation of a standard of conduct for an eleven year old." And, to the extent R.E.'s delinquency adjudication was premised on accomplice liability for D.'s conduct, he argues the state failed to show D.'s conduct was a gross deviation from that expected of a reasonable eight- or nine-year old.

¶10        We find *William G.* inapposite. In that case, a fifteen-year old had been "riding" shopping carts in a parking lot and was "shocked" when he "accident[ally]" collided with and damaged a parked car. *Id.* at 210-11, 963 P.2d at 289-90. The court distinguished between civil negligence and recklessness, stating the "deviation from acceptable behavior required for recklessness must be markedly greater than the mere inadvertence or heedlessness sufficient for civil negligence." *Id.* at 215, 963 P.2d at 294. Moreover, "recklessness requires that the person actually be 'aware' of the risk being created by his conduct," a risk that was "minimized" in that case by William's "proficiency" in riding the carts. *Id.* at 213-14, 963 P.2d at 292-93.

¶11        In contrast, the evidence here supports the juvenile court's determination that R.E. was well aware of the risk of hitting the cars in the parking lot with the rocks he threw over the wall; he admitted to the police officer that he and D. had been trying to hit them. This was not a matter of the "inadvertence or heedlessness" at issue in *William G.*, 192 Ariz. at 215, 963 P.2d at 294, and the juvenile court reasonably could find throwing large rocks at specific, targeted vehicles was a gross deviation from the conduct of a reasonable child at age eleven, or at age eight or nine.

**Imposition of JIPS**

¶12        In the course of our appellate review, we determined the juvenile court's imposition of JIPS could constitute fundamental

error, and we asked the parties for supplemental briefing on that issue. *See State v. Mann*, 188 Ariz. 220, 232 n.1, 934 P.2d 784, 796 n.1 (1997) (Martone, J., concurring) (appellate court has discretion to address fundamental error it observes in course of appellate review). The parties agree that the court's factual findings were insufficient to warrant the imposition of JIPS. It also appears the court erroneously believed it lacked discretion in the matter and was required to impose JIPS. We therefore agree that the appropriate remedy is to remand the case for a new disposition hearing.

**¶13** "The juvenile court has broad discretion to determine the proper disposition of a delinquent juvenile," but "[t]he court abuses its discretion if it misapplies the law or a legal principle." *In re Thomas D.*, 231 Ariz. 29, ¶ 9, 290 P.3d 223, 225 (App. 2012). Section 8-352, A.R.S., identifies the evaluation and criteria required for a juvenile's placement on JIPS. As a general matter, prior to recommending JIPS, a juvenile probation officer must "evaluate the needs of the juvenile and the juvenile's risk to the community, including the nature of the offense, the delinquent history of the juvenile, the juvenile's history of referrals and adjustments and the recommendation of the juvenile's parents." § 8-352(B). The probation officer may recommend that the court place the juvenile on intensive probation "[i]f the nature of the offense and the prior delinquent history of the juvenile indicate that the juvenile should be included in an intensive probation program pursuant to supreme court guidelines for juvenile intensive probation." *Id.*; s*ee also* Ariz. Code of Jud. Admin. § 6-302.01(H) ("Eligibility Requirements for JIPS").[1]

---

[1]The supreme court guidelines provide, inter alia, that "[t]he probation officer shall include in the disposition summary report, case information related to delinquent risk and criminogenic needs as documented by the youth assessment, in addition to other file and collateral information" and "the officer's recommendation for supervision and treatment services based upon the juvenile's documented delinquent risk and criminogenic needs." Ariz. Code of Jud. Admin. § 6-302.01(H)(3). In addition, "[p]robation officers shall support any recommendation for the placement of a juvenile

**¶14** A juvenile court may place a juvenile on JIPS "[a]fter reviewing the juvenile's prior record, the facts and circumstances of the current delinquent act . . . and the [probation officer's] disposition summary report." § 8-352(C). A limited exception to the extensive evaluation requirements in § 8-352(C) is found in § 8-341(D), which provides, "If a juvenile is fourteen years of age or older and is adjudicated as a repeat felony juvenile offender, the juvenile court shall place the juvenile on juvenile intensive probation." *See also In re Russell M.*, 200 Ariz. 23, ¶¶ 1, 5, 21 P.3d 409, 410-11 (App. 2001) (finding § 8-341(D) mandatory as applied to adjudication for second felony offense committed by juvenile over fourteen). In all circumstances, however, "When granting [JIPS] the court shall set forth on the record the factual reasons for using the disposition." § 8-352(D).

**¶15** In this case, the only reason the juvenile court stated on the record for imposing JIPS was its apparent belief that standard probation was "not an option," telling R.E. that it had "no discretion in that regard" because JIPS is "mandatory" when a juvenile has had multiple felony adjudications. But JIPS is only a mandatory disposition when a juvenile adjudicated as a repeat felony juvenile offender "is fourteen years of age or older," § 8-341(D), and R.E. was only thirteen years old.

**¶16** Because the juvenile court was mistaken about the requirements of § 8-341(D), the only reason given by the court for placing R.E. on JIPS, *see* § 8-352(D), we conclude its disposition was an abuse of discretion. *See In re J.G.*, 196 Ariz. 91, ¶ 17, 993 P.2d 1055, 1058 (App. 1999) (recognizing "juvenile court erred by failing to specify its reasons for imposing JIPS"). Although this court has found it possible to affirm a JIPS disposition, "despite the absence of specific findings" when "the record demonstrates that the trial court has considered the statutory factors," *id.*, that is not the circumstance here. In particular, we are concerned that the court erroneously believed it lacked discretion to impose standard probation for what was R.E.'s first delinquency disposition. *Cf. State v. Stroud*, 209 Ariz.

---

on JIPS with the youth assessment, and other documented factors that increase risk." Ariz. Code of Jud. Admin. § 6-302.01(H)(4).

410, ¶ 21, 103 P.3d 912, 916 (2005) (in criminal case, remand for resentencing proper when trial court "erred in believing that consecutive sentences were statutorily mandated"); *State v. Harrison*, 195 Ariz. 1, ¶¶ 1, 6, 17, 985 P.2d 486, 486, 488, 490 (1999) (remand for resentencing proper for trial court's failure to substantially comply with statutory requirement that aggravated or mitigated sentence be supported by "factual findings and reasons in support of such findings . . . set forth on the record"); *State v. Hardwick*, 183 Ariz. 649, 656-57, 905 P.2d 1384, 1391-92 (App. 1995) (remand for resentencing necessary when "record does not reveal" whether sentencing judge would have imposed same sentence when not considering improper factor).

## Disposition

**¶17** Sufficient evidence supported the juvenile court's order adjudicating R.E. delinquent, and we affirm the adjudication. The court's disposition, however, while permissible, was based on an error of law that limited the proper exercise of its discretion. Accordingly, we vacate the disposition order and remand the case for further proceedings consistent with this opinion.