NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

IN RE ISAIAH A.

No. 1 CA-JV 19-0228
FILED 12-17-2019

Appeal from the Superior Court in Maricopa County
No. JV202514
The Honorable Joshua Yost, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Offices of Kevin Breger, PLLC, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Jeffrey L. Sparks
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S**, Judge:

¶1          Isaiah A. appeals the juvenile court's sentence committing him to the Arizona Department of Juvenile Corrections ("ADJC"). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          "We view the facts in the light most favorable to affirming the superior court." *In re Daniel A.*, 210 Ariz. 162, 164, ¶ 2 (App. 2005).

¶3          The state alleged that Isaiah A. (then age 17 years 5 months old) engaged in misdemeanor conduct constituting: failure to obey an order of a police officer, reckless driving, and failure to stop at an accident involving damage to a vehicle. Isaiah's probation officer filed a petition alleging he violated the terms of his probation imposed in August 2018. He pled delinquent to 1 count of reckless driving; the other counts and the probation violation petition were dismissed. At the disposition hearing, the judge considered Isaiah A.'s 2 prior felony adjudications; his incomplete intensive probation; time spent around negative peers; the risk he posed to himself and the community; and the absence of less restrictive alternatives.

¶4          The court also noted that Isaiah A. had already participated in multiple programs, been detained four times for a total of 157 days, accumulated 28 incident reports while detained, and had tested positive for marijuana 24 times. It further noted that if Isaiah A. committed a third felony, he would be tried in adult criminal court. The court found that it "ha[d] tried other alternatives, and none of them ha[d] worked." Accordingly, the court awarded him to  the ADJC until the age of 18, requiring him to spend a minimum of 30 days in a locked facility.

¶5          Isaiah A. timely appealed.

**DISCUSSION**

¶6       We review the disposition of a juvenile delinquency matter for abuse of discretion. *In re Niky R.*, 203 Ariz. 387, 390, ¶ 10 (App. 2002). "The primary function of juvenile courts is treatment and rehabilitation." *David G. v. Pollard ex rel. Cty. of Pima*, 207 Ariz. 308, 312, ¶ 21 (2004). That said, courts need not "explore[] all alternatives to ADJC prior to an adjudication committing a juvenile to ADJC." *Niky R.*, 203 Ariz. at 392, ¶ 21.

¶7       A court has broad discretion to determine the disposition of a delinquent juvenile. *In re R.E.*, 241 Ariz. 359, 362, ¶ 13 (App. 2017). A juvenile court nonetheless must consider the Arizona Supreme Court's guidelines for juvenile dispositions in its ruling. *In re Melissa K.*, 197 Ariz. 491, 496, ¶ 14 (App. 2000); A.R.S. § 8-246(C). These require juvenile courts to (1) only commit juveniles adjudicated for a delinquent act, and for the protection of the community; (2) consider commitment to be a final rehabilitation opportunity; (3) give special consideration to the type of offense, the risk the juvenile poses to the community, and whether less restrictive alternatives exist; and (4) identify the offense for which the juvenile is being committed. Ariz. Code Jud. Admin. § 6-304(C)(1).

¶8       Isaiah A. argues the juvenile court abused its discretion in committing him to ADJC without exploring less restrictive alternatives, such as electronic monitoring.

¶9       The juvenile court complied with the guidelines. It noted that Isaiah A. had 2 prior felony adjudications with victims and had repeatedly participated in less restrictive rehabilitative services to no avail. *See Melissa K.*, 197 Ariz. at 495, ¶ 15; *see also Daniel A.*, 210 Ariz. at 165, ¶ 15 n.1 (affirming ADJC commitment where juvenile had two prior felonies, and the court found that no less restrictive alternatives were available). He had been a delinquent juvenile under the continuous supervision of the juvenile court since August 2017. The court also noted that it considered the ADJC program to be a final opportunity for Isaiah A. to participate in rehabilitative services. The court committed no legal error, having considered the *Melissa K.* factors. Accordingly, Isaiah A. has not shown the juvenile court abused its discretion.

## CONCLUSION

¶10        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA