NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

―――――――――――――

IN RE THOMAS D.

―――――――――――――

No. 1 CA-JV 19-0299
FILED 3-12-2020

―――――――――――――

Appeal from the Superior Court in Maricopa County
No. JV602281
The Honorable David Bruce Gass, Judge (retired)

**AFFIRMED**

―――――――――――――

COUNSEL

The Law Offices of Kevin Breger, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1          Thomas D. appeals from the juvenile court's disposition committing him to the Arizona Department of Juvenile Corrections ("ADJC"). We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2          "We view the facts in the light most favorable to affirming the findings of the superior court." *In re Daniel A.*, 210 Ariz. 162, 164, ¶ 2 (App. 2005).

¶3          In March 2018, Thomas pled delinquent to one count of disorderly conduct, a misdemeanor, and admitted one prior felony adjudication. The juvenile court placed him on standard probation. Over the next several months, the juvenile probation department filed three separate petitions alleging probation violations. Thomas admitted two of the violations and the juvenile court continued him on probation in the physical custody of the Department of Child Safety ("DCS").

¶4          While the third probation violation petition was still pending, the State charged him with theft of means of transportation in violation of A.R.S. § 13-1814. Thomas pled delinquent to the class 5 felony and the juvenile court placed him on intensive probation.

¶5          Six months later, the juvenile probation department filed a petition alleging Thomas again violated his probation terms. The juvenile court revoked his probation and issued a warrant. The next day, the State charged him with possession of less than two pounds of marijuana, reduced to a misdemeanor. At the change of plea hearing, the juvenile court advised Thomas that he could be placed with ADJC under the plea agreement. Thomas pled delinquent to possession of a usable quantity of marijuana.

¶6          At the disposition hearing, the probation officer recommended commitment to ADJC based on Thomas's record and his "unsuccessful behavior on probation." The prosecutor also recommended

commitment to ADJC, noting that Thomas could have been tried in adult court. Thomas's guardian ad litem did not advocate for an alternative to ADJC. Defense counsel asked that Thomas be released into his mother's care on intensive probation. Thomas reiterated his desire to be released to his mother, telling the court "this time it's going to be a lot different."

**¶7**        The juvenile court received and considered a written psychological evaluation recommending treatment that indicated Thomas suffers from oppositional defiance disorder and conduct disorder. The probation officer opined that ADJC could provide the treatment recommended by the psychological evaluation. Defense counsel argued that the treatment could be done at a Residential Treatment Center ("RTC"), but the court noted, and DCS agreed, that most RTCs do not treat conduct disorders. The juvenile probation officer also argued against an RTC placement because Thomas did not suffer underlying issues typically treated there.

**¶8**        The juvenile court committed Thomas to ADJC until his eighteenth birthday "or until sooner released pursuant to law." Thomas timely appealed.

## DISCUSSION

**¶9**        We review a juvenile court's disposition for abuse of discretion. *In re Niky R.*, 203 Ariz. 387, 390, ¶ 10 (App. 2002). "The primary function of juvenile courts is treatment and rehabilitation," *David G. v. Pollard ex rel. Cty. of Pima*, 207 Ariz. 308, 312, ¶ 21 (2004), but courts need not "explore[] all alternatives to ADJC prior to an adjudication committing a juvenile to ADJC," *Niky R.*, 203 Ariz. at 392, ¶ 21 (internal quotation omitted).

**¶10**        The Arizona Supreme Court's guidelines for juvenile dispositions require juvenile courts to (1) only commit juveniles adjudicated for a delinquent act, and for the protection of the community; (2) consider commitment to be a final rehabilitation opportunity; (3) give special consideration to the type of offense, the risk the juvenile poses to the community, and whether less restrictive alternatives exist; and (4) identify the offense for which the juvenile is being committed. Ariz. Code Jud. Admin. § 6-304(C)(1); *In re Melissa K.*, 197 Ariz. 491, 496, ¶ 14 (App. 2000); A.R.S. § 8-246(C). A juvenile court has broad discretion to determine the disposition of a delinquent juvenile. *In re R.E.*, 241 Ariz. 359, 362, ¶ 13 (App. 2017).

¶11     Here, the juvenile court found Thomas's commitment to ADJC was appropriate based on the probation officer's report, the psychological evaluation, and Thomas's two prior felony adjudications. The juvenile court thus generally considered the full context of Thomas's conduct and rehabilitation failures in determining the proper disposition.

¶12     Thomas argues commitment to ADJC was error because less restrictive alternatives existed, including placement with an RTC or his mother. But the mere existence of an alternative disposition does not establish an abuse of discretion. *Niky R.*, 203 Ariz. at 391–92, ¶¶ 19, 21.

¶13     The juvenile court did not abuse its discretion.

## CONCLUSION

¶14     We affirm.

