NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE RILEY A.

No. 1 CA-JV 20-0321
FILED 7-1-2021

Appeal from the Superior Court in Apache County
No. S0100JV201900031
The Honorable C. Allan Perkins, Judge *Retired*

**AFFIRMED**

COUNSEL

R. John Lee, Attorney at Law, St. Johns
By R. John Lee
*Counsel for Appellant*

Apache County Attorney's Office, St. Johns
By Celeste Robertson
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Brian Y. Furuya joined.

**C A T T A N I**, Judge:

¶1    Riley A. appeals from a superior court order adjudicating him delinquent based on one count of making a terrorist threat, one count of interfering with an educational institution, and two counts of threatening or intimidating. Riley argues that the evidence was insufficient to prove beyond a reasonable doubt that he was delinquent. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2    On August 13, 2019, based on a mass shooting threat, Ganado High School administrators cancelled all classes at the school. The threat, scribbled in pencil in a stall in the boys' bathroom, read "Mass Shooting 8/13/19 2:00 PM."

¶3    Riley had reported the threat to front office staff the previous day. The school's security officer reviewed security camera footage, which showed Riley leave his classroom, enter the same boys' bathroom, reenter his classroom, leave the classroom once more, then walk toward the front office. As he walked toward the front office, he threw an object under the vending machine. School personnel later found a pencil underneath one of the vending machines.

¶4    School administrators called the Apache County Sheriff's Office to investigate. Riley told a deputy that after picking up the pencil in the boys' bathroom, he thought it might look suspicious, so he threw it under the vending machine. The deputy did not investigate other students who entered and exited the bathroom in close proximity to Riley.

¶5    The State charged Riley with the offenses outlined above, and the court held a juvenile adjudication hearing in July 2020. Mildred McNabb, Riley's sixth period history teacher, testified regarding Riley's handwriting and his behavior on the day he reported the threat. McNabb stated that Riley asked to use the restroom, then returned "about three minutes" later "in a panic" and asked permission to go to the front office. McNabb further testified (over Riley's objection) that as his teacher, she was familiar with his handwriting, and that the handwriting on the bathroom wall looked like Riley's, particularly the "M" and the "A."

¶6    At the close of the hearing, after considering the evidence and weighing and assessing the witnesses' credibility, the court found that the State had proven beyond a reasonable doubt that Riley committed the charged offenses, and that Riley was delinquent. At disposition, Riley was

placed on two years' intensive probation with counseling. Riley appealed, and we have jurisdiction under A.R.S. § 8-235(A).

**DISCUSSION**

¶7          Riley argues that the evidence was insufficient for the superior court to conclude that the handwriting on the bathroom wall was his. We will reverse on grounds of insufficient evidence only if "there is a complete absence of probative facts to support the judgment or if the judgment is contrary to any substantial evidence." *In re John M.*, 201 Ariz. 424, 426, ¶ 7 (App. 2001) (citation omitted). We will not reweigh the evidence on appeal, and we view the evidence in the light most favorable to sustaining the adjudication. *In re R.E.*, 241 Ariz. 359, 360, 361, ¶¶ 5, 8 (App. 2017); *In re Julio L.*, 197 Ariz. 1, 2–3, ¶ 6 (2000).

¶8          Riley does not dispute the court's finding that *someone* committed "terroristic threats . . . disruption of an educational institution, [and] threatening or intimidating." Rather, he challenges the court's finding that *he* was the one who did so. Here, the record supports the court's conclusion that Riley wrote the threat on the bathroom wall.

¶9          First, McNabb, who was familiar with Riley's handwriting, testified that the threat on the bathroom wall seemed to be an improved version of Riley's handwriting. Riley characterizes McNabb's identification of his handwriting as "tenuous," "feeble," and "grudging," but McNabb ultimately opined unequivocally, "[i]t is Mr. [A.]" and "it's his handwriting; yes, it is." *See* Ariz. R. Evid. 901(b)(2) (allowing a non-expert to authenticate that the "handwriting is genuine"). Additionally, the State provided, and the court considered—as the trier of fact—several examples of Riley's handwriting from his classwork, as well as a photo of the message on the bathroom wall.

¶10          Second, although multiple parties testified that the threat was hard to read from the photograph, Riley had no difficulty deciphering the message and repeating it in his report to school administrators, exactly as it appeared on the wall. The superior court noted that "the best report[] of what was on that wall comes from [Riley's] statement; a wall that [the court] could barely make out yet he had no question knowing exactly what it was."

¶11          Riley argues that the school should have investigated all other students at Ganado High School who may have had an opportunity to write the threat. But Riley cites no authority for such an obligation. Moreover, the video footage, although not dispositive, provided persuasive evidence

of Riley's delinquent acts. The video showed Riley exiting the boys' bathroom, then returning to his classroom, running or walking quickly both times. The video shows other students walking through the hallways, but none who were running or walking quickly like Riley. Riley told his teacher that he needed to go to the front office for an emergency, and on his way there, he was clearly captured on camera glancing around then tossing an object under a vending machine in the hallway. Later, investigators retrieved a lead pencil from under the vending machine. Although Riley explained that he threw the pencil under the vending machine because "it might look suspicious" to have it in his pocket, his anomalous behavior could be construed as concealing evidence. *Cf. State v. Cutright*, 196 Ariz. 567, 570–71, ¶¶ 12, 14 (App. 1999) (noting that a criminal defendant's manner of leaving the scene or concealing evidence can reveal "a consciousness of guilt"), *disapproved of on other grounds by State v. Miranda*, 200 Ariz. 67 (2001).

¶12 Taken in total, evidence that the writing on the wall was similar to Riley's handwriting, together with Riley's detailed report of the scribbled writing and the video footage showing Riley's suspicious behavior, was sufficient to support the superior court's delinquency adjudication. *See In re John M.*, 201 Ariz. at 427, ¶ 14.

## CONCLUSION

¶13 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4