NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DELINQUENCY OF A.S.

No. 1 CA-JV 22-0237
FILED 3-7-2023

---

Appeal from the Superior Court in Maricopa County
No. JV605703
The Honorable Keelan J. Bodow, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Czop Law Firm PLLC, Higley
By Steven Czop
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Philip Casey Grove
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Anni Hill Foster joined.

---

**H O W E**, Judge:

**¶1**          A.S. appeals the juvenile court's ruling adjudicating him delinquent of an aggravated assault and disorderly conduct. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          On a summer night in 2021 in Gilbert, Arizona, 14-year-old A.S. and his friends arrived at a teenage house party uninvited. Separately, A.I. arrived with his friends and cousins who were invited. During the party, A.I. heard that someone was looking for him. He went outside where A.S. and his friends were waiting. A.S. knew A.I. because A.I. had dated his older sister. The fight began with a verbal altercation between A.S. and another boy against A.I. Then A.S. pushed A.I., and another boy punched him in the face. A.I. ran inside the house; the group followed him and continued to punch and kick him. He was then "grabbed and slammed to the ground," but because he was facing down, he did not see who was attacking him. They let up after someone said that the police were coming. When they stopped and left the house, A.I. grabbed a kitchen knife for protection and walked outside; he watched the group get into their cars and leave.

**¶3**          A.I. later went home with injuries to his face and body. He went to the doctor for his injuries. The State petitioned for the delinquency of A.S., alleging that he committed aggravated assault, a class 6 felony, and disorderly conduct, a class 1 misdemeanor. He was released on certain conditions and ordered to undergo drug testing. He tested positive for marijuana multiple times. He had no prior delinquency adjudication.

**¶4**          A.S.'s probation officer reported that A.S. struggled with school attendance and grades. He had lived with his mother and father on alternate weeks but not since he had a physical altercation with his father. A.S. later alternated living with his mother and aunt. He did not maintain consistent contact with his probation officer or consistently participate in

drug testing. The year before, A.S.'s mother was almost killed by her ex-boyfriend, who shot her friend dead and then shot at her; the incident affected the family. The Department of Child Safety later petitioned for A.S.'s dependency.

¶5　　　　The court held an adjudication hearing on the delinquency petition before the initial dependency hearing. A.S., A.I., A.I.'s cousin, and the teenager hosting the party, all testified. The court found A.S. delinquent as charged, and the court directly proceeded to disposition that same day. The court stated that it had reviewed the exhibits and notes from testimony and thought "about the matter very carefully." The juvenile probation officer then updated the court about A.S.'s positive drug tests and performance at school and recommended probation and treatment programs for him. She then asked the court to clarify whether it meant to adjudicate A.S. on a designated or undesignated class 6 felony on the aggravated assault charge. The court replied that it adjudicated A.S. delinquent on a designated class 6 felony. The State agreed with the probation officer's recommendation.

¶6　　　　A.S.'s counsel then requested that the court designate the aggravated assault offense as a misdemeanor. After an exchange with A.S.'s counsel, the court noted that, although it had the discretion to designate the offense as a misdemeanor or leave it undesignated, it was choosing to designate the offense as a class 6 felony.

¶7　　　　The court then ordered A.S. to participate in treatment programs and short-term probation, noting that A.S. was not complying with court orders, although he had "a lot going on." A.S. timely appealed.

**DISCUSSION**

¶8　　　　A.S. argues that the court abused its discretion in not considering its ability to designate the offense as a misdemeanor or even knowing it had the ability to do so. "The juvenile court has broad discretion to determine the proper disposition of a delinquent juvenile," *In re Thomas D.*, 231 Ariz. 29, 31 ¶ 9 (App. 2012), including the designation of his offense as a felony, *see* A.R.S. § 13–604(A). An abuse of discretion occurs if the court misapplies the law or a legal principle. *Thomas*, 231 Ariz. at 31 ¶ 9. "In reviewing the juvenile court's adjudication of delinquency, we review the evidence and resolve all reasonable inferences in the light most favorable to upholding its judgment." *In re C.D.*, 240 Ariz. 239, 242 ¶ 13 (App. 2016) (quoting *In re Jessi W.*, 214 Ariz. 334, 336 ¶ 11 (App. 2007)).

¶9          The juvenile court has discretion to designate a class 6 felony as a class 1 misdemeanor:

> [I]f a person is convicted of any class 6 felony not involving a dangerous offense and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court *may* enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a misdemeanor for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor or a felony.

A.R.S. § 13–604(A) (emphasis added). "The statute, by its terms, confers discretion upon the court with respect to the ultimate designation of the offense. . . ." *State v. Smith*, 166 Ariz. 118, 119 (App. 1990) (criminal appeal; referring to A.R.S. § 13–702, the predecessor to A.R.S. § 13–604). Although set forth in Arizona Revised Statutes Title 13, the criminal code, and textually directed at "convictions," not delinquency adjudications, a juvenile court has discretion under A.R.S. § 13–604(A) in addressing class 6 delinquency adjudications. *State v. Lee*, 236 Ariz. 377, 384 ¶¶ 22–23 (App. 2014).

¶10          Here, the court acknowledged and used its discretion to designate the offense as a felony. At the disposition hearing, the court denied A.S.'s counsel's request to designate the offense as a misdemeanor. It explained that the offense was to be "treated as a misdemeanor, unless and until designated" as a misdemeanor or felony, and that it was "making a finding that the offense in the petition was shown and that was charged as a [c]lass 6." A.S.'s counsel explained that his "family circumstances" and "history or lack thereof in the courts" made this "clearly a case" to designate the offense as a misdemeanor. The court responded that it was not making a finding that it wanted the offense "to be undesignated at this point, so it [would] be, again designated as a felony." After his counsel asked for clarification, the court stated that it "could potentially make a finding that the offense that was committed was a [c]lass 6 undesignated . . . [b]ut [was] not doing that." Instead, it was "choosing to find" that A.S. committed a class 6 designated felony. In exercising its discretion, the court had the entire record before it, including the probation officer's reports about A.S.'s

4

family life, schooling, and compliance with court orders. The ruling even stated that the court "carefully reviewed [its] notes from testimony as well as the exhibits." The court, therefore, understood that it could designate the offense as a misdemeanor. The court acted within its discretion and did not err.

¶11        A.S. relies on *In re R.E.*, 241 Ariz. 359 (App. 2017), to argue that the record is unclear whether the juvenile court knew it could designate the offense as a misdemeanor because it only considered a "designated" and "undesignated" felony. *R.E.* is inapposite. There, this court remanded for a new disposition hearing because the court erroneously stated on the record that it had no discretion to order the juvenile on standard probation. *Id.* at 361–62 ¶¶ 12, 15. Instead, it placed him on juvenile intensive probation because the court believed it was "'mandatory' when a juvenile had multiple felony adjudications." *Id.* at 360 ¶ 4. This was true for juveniles 14 years old or older, but R.E. was 13. *Id.* at 362 ¶ 15. Here, the record shows that the juvenile court clearly knew and properly applied its discretionary authority in A.S.'s disposition. Even after A.S.'s counsel questioned whether the offense could be designated as a misdemeanor, the court stated, "I think I could potentially make a finding that the offense that was committed was a Class 6 undesignated . . . [b]ut I am not doing that." The trial court is presumed to know the law and apply it accordingly. *State v. Williams*, 220 Ariz. 331, 334 ¶ 9 (2008).

¶12        A.S. also argues that the "nature and circumstances" of his offense—that the duration of the assault was short, A.S. was not the first to attack A.I., and A.S.'s involvement in A.I.'s injuries was "minimal"—and his "history and character" as a first-time felony offender do not render the court's felony designation appropriate. But the court had before it not only the evidence that A.S. points to, but also evidence of his positive drug tests, school grades and attendance issues, lack of contact with his probation officer, and family circumstances. The court stated on the record that it considered the exhibits and testimony and thought "about the matter very carefully" in making its findings. *See Fuentes v. Fuentes*, 209 Ariz. 51, 55 ¶ 18 (App. 2004) (stating that we presume that the court fully considered the evidence in the record in issuing the ruling, even if the ruling does not detail the relevant evidence considered). While the trial court is not "free to reach any conclusion it wishes," the appellate court will not substitute its judgment, even with opposing equitable and factual considerations. *State v. Smith*, 166 Ariz. 118, 120 (App. 1990) (quoting *State v. Chapple*, 135 Ariz. 281, 296 (1983), *superseded by statute on other grounds*).

¶13          A.S. correctly points out that a disposition after an adjudication of delinquency functions to rehabilitate and not punish juveniles. *See In re Kristen C.*, 193 Ariz. 562, 563 ¶ 8 (App. 1999). The court did not lose sight of that goal, ordering short-term probation and treatment services because A.S. had not followed all court orders. It told A.S. that while he had made "some efforts" to follow orders, A.S. still was not doing what was requested of him. The court even noted that the goal was to have him "in a place and a situation where [he was] not going to get in any trouble in the future."

¶14          A.S. argues last that the court did not consider whether the State wanted to designate the offense as a felony or leave it undesignated before making its determination. But A.R.S. § 13–604(A) requires that the court needed only consider the "nature and circumstances of the crime" and "the history and character" of A.S., which we already found that it did here. *See supra* ¶ 12. A.S. has shown no abuse of discretion.

## CONCLUSION

¶15          For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA